UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JALIN SHAQUILLE HANCOCK                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 4:20-CV-P65-JHM

LT. RON WILBURN *et al.*                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff Jalin Shaquille Hancock leave to proceed *in forma pauperis*.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set

forth below, the Court will dismiss some of Plaintiff's claims but allow one claim to proceed.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Henderson County Detention Center (HCDC) and brings

suit against four HCDC officials.  He sues Defendants Lieutenant Ron Wilburn and Jailer Amy

Brady in both their official and individual capacities.  He sues Defendants Deputy Bowman and

Captain Ryan in their official capacities only.

Plaintiff alleges that prior to his incarceration he was in an altercation with a person

named Brandon Hedrick.  He then states as follows:

> Me and Brandon have children from the same woman on the outside.  Upon me
> arriving at HCDC, Brandon was still free.  One day I had to go to court, after
> Brandon was arrested he also had court, I was told I had to ride a separate bus and
> be held in a different holding room due to me having what the Jail calls "keep
> away's" or separatees, at that time I discovered Mr. Hedrick had put a keep
> away on me.  On May 2, 2019, Lt. Wilburn approved the movement of myself to go from
> cell 157 to 158.  Brandon Hedrick was being housed in cell 158 at this time.  Deputy
> Bowman was the officer in charge of moving me, before I was actually moved I
> told him that I may have a keep away in that cell, he responded that he checked
> with Lt. Wilburn and that he was told to move me.  When I was moved from 157
> to 158, Mr. Hedrick came out the door and insulted me in front of Deputy Bowman.
> When the altercation with Hedrick was over, Bowman apologized and told me he

thought Mr. Hedrick was playing as he was attempting to assault me before he actually assaulted me.  It is Lt. Wilburn's job to know these things as he is in charge of our safety.

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

As indicated above, Plaintiff sues each Defendant in his/her official capacity. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendants are actually against their employer, which is Henderson County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was the equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, such as Henderson County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff makes allegations regarding an isolated incident affecting only himself.  He does not allege that any constitutional violation occurred as the result of a policy or custom implemented or endorsed by Henderson County.  Thus, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B.  Individual-Capacity Claims

#### 1.  Defendant Wilburn

Based upon the allegations set forth in the complaint, the Court will allow an Eighth Amendment failure-to-protect claim to proceed against Defendant Wilburn.  In allowing this

claim to proceed, the Court passes no judgment on its merits or upon the ultimate outcome of this action.

### 2. Defendant Jailer Brady

Plaintiff makes no specific allegations against Defendant Brady. However, to the extent that Plaintiff seeks to hold her liable simply because she is the HCDC Jailer, his claim against her fails. The doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 at 691; *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, the Court will dismiss Plaintiff's individual-capacity claim against Defendant Brady for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that all of Plaintiff's claims against Defendants Brady, Bowman, and Ryan and his official-capacity claim against Defendant Wilburn are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to terminate Defendants Brady, Bowman, and Ryan as parties to this action.

The Court will enter a Service and Scheduling Order to govern the development of the claim it has allowed to proceed against Defendant Wilburn.

Date: May 7, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Henderson County Attorney
4414.011